UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MARTIN, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LOVISA AMERICA, LLC,<br><br>Defendant. | Case No. 1:22-cv-01356-ADA-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S VOLUNTARY DISMISSAL BE GRANTED PURSUANT TO FEDERAL RULE OF PROCEDURE 23(e)<br><br>(ECF Nos. 17 and 18). |

Plaintiff Ruth Martin initiated this putative class action on October 23, 2022, alleging violations of the California Invasion of Privacy Act (Cal. Penal Code §§631, 632.7). (ECF No. 1). Plaintiff seeks statutory penalties and injunctive relief on behalf of herself and other class members who "(1) communicated with Defendant via the chat feature on Defendant's website using a cellular telephone and (2) whose communications were recorded and/or eavesdropped upon without prior consent." (*Id.* at p. 6). On April 7, 2023, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 17).[1] Specifically, Plaintiff seeks dismissal of Plaintiff's individual claims with prejudice and dismissal of the class claims without prejudice. For the reasons that follow, the Court recommends that Plaintiff's

---

[1] Plaintiff subsequently filed a motion to dismiss that is substantively identical to the notice of dismissal. (ECF No. 18).

request for voluntary dismissal be granted.

## II. LEGAL STANDARD

Typically, parties may dismiss an action without a court order pursuant to Federal Rule of Procedure 41 by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred. *Diaz*, 876 F.2d at 1408. Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and must "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether dismissal would prejudice class members due to:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests."

*Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

## II. DISCUSSION

Plaintiff first argues that the *Diaz* factors do not apply because that case "was decided prior to amendments to Rule 23(e), which clarified that Rule 23(e) applies to certified classes or settlement classes." (ECF No. 17, p. 2). However, Plaintiff also argues that "even if the Court were to apply the Diaz factors to these circumstances, dismissal would be proper." (*Id.* at p. 3).

Applying the *Diaz* factors here, the Court finds that dismissal of Plaintiff's class claims without prejudice will not harm any putative class members. Regarding the first factor, "the danger of reliance is generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." *Mahan v. Trex Co., Inc.*, No. 5:09-cv-00670, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (citation, alterations, and internal quotations omitted). Here, Plaintiff contends that there are no class

members with a reliance interest in the action because "[t]his action has not been publicized in any way[.]" (ECF No. 17, p. 3). Moreover, this case is in its early stages as Defendant has not filed an answer and the Court has not yet held a scheduling conference. Accordingly, the Court finds that this factor does not prejudice putative class members.

Second, Plaintiff argues that because the one-year statute of limitations on Plaintiff's claims does not run until October 2023, "the rights of the putative class are preserved by the solely individual dismissal of Plaintiff's claims with prejudice." Accordingly, this factor does not prejudice putative class members because there is adequate time to file other actions.

Finally, there is no indication that dismissal represents a concession of class member interests. As Plaintiff states, "the resolution reaches between the Parties does not address, affect, or change the putative class's rights or claims in any manner." (ECF No. 17, pp. 3-4). Additionally, putative class members will be free to pursue their claims.

The Court finds that dismissal of this action without prejudice does not present a risk of prejudice to the putative class. Therefore, notice to the putative class members is not required. *See Diaz*, 876 F.2d at 1408 ("Notice to the class of pre-certification dismissal is not, however, required in all circumstances."). Thus, the Court will recommend that Plaintiff's individual claims be dismissed with prejudice, and that all claims brought on behalf of the putative class be dismissed without prejudice.

## III. RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's complaint be dismissed as follows:

1. That Plaintiff Ruth Martin's individual claims for violations of the California Invasion of Privacy Act against Defendant Lovisa America LLC be dismissed with prejudice;
2. That all claims brought by Plaintiff Ruth Martin on behalf of the putative class for violations of the California Invasion of Privacy Act against Defendant Lovisa America LLC be dismissed without prejudice;
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one

(21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 23, 2023**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE